# IN THE COURT OF APPEALS OF IOWA

No. 24-0486
Filed June 5, 2024

**IN THE INTEREST OF R.F.,**
**Minor Child,**

**B.F., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker Parry, Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Molly Vakulskas Joly of Vakulskas Law Firm, P.C., Sioux City, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Elizabeth Z. Stanley of Stanley Law Firm, LLC, Sioux City, attorney and guardian ad litem for minor child.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to her child. She contends the juvenile court abused its discretion by denying her motion to continue the termination hearing and challenges each of the three steps in the termination analysis under Iowa Code section 232.116 (2023). *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) ("Termination of parental rights under chapter 232 follows a three-step analysis."). Because the juvenile court acted within its discretion by denying a continuance, clear and convincing evidence supports a ground for termination, termination is in the child's best interests, and termination will not harm the child based on the strength of the parent-child bond, we affirm.

**I. Background Facts and Proceedings.**

The child was born in October 2021 and came to the attention of the Iowa Department of Health and Human Services (HHS) because the mother tested positive for methamphetamine two weeks before his birth. The juvenile court adjudicated the child as a child in need of assistance (CINA) in February 2022. In June, the court removed the child from the mother's custody. A trial home placement was attempted from August to October 2022. Since then, the child has remained in a foster home that is willing to provide permanent placement.

The mother has a long history of substance use. She reports that she began using alcohol at twelve, marijuana at fourteen, and methamphetamine at fifteen. She was diagnosed with Stimulant Use Disorder, Severe, amphetamine-type substance; Cannabis Use Disorder, Severe, in early or sustained remission; Alcohol Use Disorder, Severe, in early or sustained remission; and Tobacco Use Disorder, Moderate. The mother's substance use resulted in CINA adjudications

for her three older children, beginning in 2017. From 2017 to 2020, the mother received services to address her substance-use issues without avail. Ultimately, the juvenile court terminated the mother's parental rights to those children.

In a November 2023 permanency order, the juvenile court found that the child could not be returned safely to the mother's care within a reasonable time despite the reasonable efforts made by the HHS. It directed the State to petition for termination of the mother's parental rights. On the day of the termination hearing, the mother moved to continue the hearing because she claimed she was very sick. The mother refused her attorney's suggestion that she attend by video conference, citing the importance of the hearing and her preference to attend in person. Both the State and the guardian ad litem resisted a continuance based on the mother's history of delay tactics throughout the CINA proceedings, the child's need for permanency, and the lack of evidence verifying the mother's illness. The court denied the mother's motion, agreeing that "the CINA proceeding has been ongoing for a very long time due to the many, many, many delays requested by the mother, firing counsel, and requesting continuances for various reasons." The court concluded that further delay was not in the child's best interests. After the hearing, it terminated the mother's parental rights under Iowa Code section 232.116(1)(g), (h), and (*l*).

**II. Continuance.**

The mother first challenges the denial of her motion to continue the termination hearing. We review the denial of a continuance for an abuse of discretion. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). The court abuses its discretion when it bases its decision on grounds that are clearly untenable or

unreasonable, like an error in applying the law, and we reverse only if the denial results in injustice to the party requesting the continuance. *Id.*

"A motion for continuance shall not be granted except for good cause." Iowa Ct. R. 8.5. The mother argues that her illness prevented her from attending the hearing, which was good cause for a short continuance. We disagree. Although due process affords parents the right to participate in the termination hearing, it does not require in-person participation. *See M.D.*, 921 N.W.2d at 234–36 (addressing the right of incarcerated parents to participate in the entire termination hearing by means that allow the parent to hear the testimony and arguments presented). The mother's attorney suggested an alternative means that would allow the mother's participation in the hearing, which the mother rejected because she preferred to attend the hearing in person. That preference does not constitute good cause for continuance. *See id.* at 233 (noting that while a continuance may help a parent who cannot attend a termination hearing in person, "the delay that accompanies such continuances may be detrimental to the best interests of children"). The district court properly exercised its discretion by denying a continuance.

### III. Termination.

We turn then to the mother's challenges to the termination order, which we review de novo. *See In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021). Iowa courts use a three-step analysis to review the termination of parental rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). First, we consider whether any ground for termination has been established. *Id.* at 472–73. Next, we consider "whether the best-interest framework as laid out in section 232.116(2) supports the termination

of parental rights." *Id.* at 472 (citation omitted). Finally, "we consider whether any exceptions in section 232.116(3) apply to preclude termination of parental rights." *Id.* (citation omitted).

Because we may affirm if clear and convincing evidence supports one ground for termination the juvenile court relied on, *D.W.*, 791 N.W.2d at 707, we begin by analyzing the grounds for termination under Iowa Code section 232.116(1)(h). The mother does not dispute that the State proved the first three requirements for termination under this section. *See* Iowa Code § 232.116(1)(h)(1)-(3) (applying if a child is three or younger, has been adjudicated CINA, and has been removed from the parent's custody for six months). The mother challenges the fourth element, which requires clear and convincing evidence showing the child cannot be returned to the parent's custody at the time of the termination hearing without exposing the child to harm that would justify a CINA adjudication. *See* Iowa Code § 232.116(1)(h)(4); *A.B.*, 956 N.W.2d at 168.

The mother claims the child could be returned to her care because she has her own residence, which her caseworker testified was appropriate for the child. But the child requires more than adequate housing. The record establishes that despite the receipt of more than two years of services, the same concerns that led to the CINA adjudication and the child's removal persist. The mother's substance use is chief among those concerns. It is evident from the mother's performance during this case, in addition to the proceedings involving her other children, that the mother is unwilling or unable to address her substance-use issues and maintain sobriety. Thus, the child cannot be returned to her custody. *See In re W.M.*, 957 N.W.2d 305, 313 (Iowa 2021) ("A long history of substance abuse,

repeated relapses, and demonstrated inability to maintain sobriety outside a supervised setting demonstrates the children could not have been returned to [the mother's] care at the time of the termination hearing."). The ground for termination under section 232.116(1)(h) are satisfied.

We next turn to whether termination is in the child's best interests. When determining best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *accord In re L.T.*, 924 N.W.2d 521, 528 (Iowa 2019) (stating that "we look to the child's long-range as well as immediate interests, consider what the future holds for the child if returned to the parents, and weigh the child's safety and need for a permanent home" (cleaned up) (citation omitted)).

Clear and convincing evidence shows that termination is in the child's best interests. The child, who is now two and one-half years old, was last removed from the mother's care when he turned one. The child has remained in the same foster home placement since then. The HHS case manager testified that the child is integrated into the home and thriving, stating, "He's a very happy child." The foster home reports no behavioral concerns with the child, observing that he is not aggressive and listens well. In contrast, the child has become more aggressive with the mother during their visits, with workers observing the child "pulling her hair and kicking her," something that "occur[red] often."

The guardian ad litem recommended terminating the mother's parental rights:

> The same safety concerns and honesty issues that undersigned had at the beginning of the case are still present. Mother is still not able to account for her positive drug tests nor can she safely have minor child placed in her care. While Mother has made some positive steps throughout the case, Mother has not made enough progress in order to have the minor child placed in her care. Though Mother can continue to progress and make positive changes, there is not enough time to allow for those changes to be implemented. Minor child has been placed in foster care for all of his life and is in need of permanency.

We concur in this assessment. Considering the length of the case and the mother's lack of progress, clear and convincing evidence shows termination is in the child's best interests. *See In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009) (recognizing that "at some point, the rights and needs of the children rise above the rights and needs of the parent").

Finally, the mother also contends termination is not in the child's best interests because of the strong bond she shares with the child. Iowa Code section 232.116(3)(c) states that the court need not terminate the parent-child relationship if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The mother bears the burden of showing this provision applies, *see A.S.*, 906 at 476, and it applies only if clear and convincing evidence shows "that, on balance, that bond makes termination more detrimental than not." *W.M.*, 957 N.W.2d at 315. Although the mother and child share a bond, the record does not support a finding that termination will harm the child. Because termination serves the child's best interests, we affirm.

**AFFIRMED.**